IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ROY HARTMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:26-cv-503-ECM |
| | ) | [WO] |
| TANSHANNA GOLDEN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

On June 23, 2026, *pro se* Plaintiff Roy Hartman ("Plaintiff" or "Hartman") filed this action against Tanshanna Golden, Rachel Vincent, Karen May Bacdayan, Dawn Hill-Kearse, and Michael Weisberg (collectively, "Defendants"). (Doc. 1).  Hartman also filed a motion for leave to proceed *in forma pauperis* ("IFP"). (Doc. 2).  Because Hartman's affidavit establishes that he is unable to pay court fees, the Court finds that his motion to proceed IFP is due to be granted pursuant to 28 U.S.C. § 1915(a).   Further, after careful review of the complaint pursuant to § 1915, and for the following reasons, the Court finds that Hartman's complaint is due to be dismissed without prejudice for failure to state a claim and because the action is malicious.

Although § 1915 permits federal courts to authorize the prosecution of a civil action without the prepayment of fees upon a plaintiff's showing of indigency, *see* 28 U.S.C. § 1915(a), the statute does not create an unfettered right to proceed IFP in a civil action. Notwithstanding a plaintiff's indigency, this Court "*shall* dismiss the case" if the Court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which

relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 18 U.S.C. § 1915(e)(2)(B) (emphasis added).[1]  "[A] plaintiff's duplicative complaint is an abuse of the judicial process and is properly dismissed without prejudice as malicious under [§ 1915]." *Daker v. Ward*, 999 F.3d 1300, 1308 (11th Cir. 2021).  Further, dismissals under § 1915(e)(2)(B)(ii) for failure to state a claim are governed by the same standard as dismissals pursuant to Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).  "Dismissal under Rule 12(b)(6) is appropriate when a plaintiff fails to allege facts sufficient 'to raise a right to relief above the speculative level' or fails to 'state a claim to relief that is plausible on its face.'" *Jacob v. Mentor Worldwide, LLC*, 40 F.4th 1329, 1334 (11th Cir. 2022) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).  Although the Court construes Hartman's *pro se* pleading liberally, the Court may not "rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 750 F.3d 1165, 1168–69 (11th Cir. 2014) (citation omitted)).

Hartman's complaint alleges as follows:  "1. Defendants violated [F]ourteenth [A]mendment rights, 2. Plaintiff demands compensation to be decided by the Court." (Doc. 1 at 1).  Construing his complaint liberally, he appears to bring a claim pursuant to 42 U.S.C. § 1983 for an alleged violation of his constitutional rights.  Hartman's complaint fails to state a claim, however, because he fails to plead any facts to show that he is entitled

---

[1] Although the statute governing proceedings *in forma pauperis* references actions instituted by prisoners, *see* 28 U.S.C. § 1915, it has been interpreted to apply to all litigants requesting leave to proceed *in forma pauperis*. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (per curiam).

to relief; his allegation that the Defendants "violated [F]ourteenth [A]mendment rights" is a legal conclusion which the Court need not accept as true, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Therefore, Hartman's complaint is due to be dismissed for failure to state a claim pursuant to § 1915(e)(2)(B)(ii).[2]

Additionally, Hartman has filed identical complaints against the same Defendants in multiple other federal district courts. *See, e.g.*, *Hartman v. Golden*, 2026 WL 1487860, at *1 (N.D. Fla. Apr. 22, 2026) (discussing identical complaint and recommending dismissal for failure to state a claim and abuse of the judicial process), *report and recommendation adopted*, 2026 WL 1485707 (N.D. Fla. May 27, 2026); *Hartman v. Golden*, 2026 WL 1182132, at *2 (M.D. Ga. Apr. 30, 2026) (discussing identical complaint and dismissing it without prejudice).[3]  The Court finds that Hartman's filing of duplicative complaints is an abuse of the judicial process, and therefore his complaint in this case due to be dismissed without prejudice as malicious pursuant to § 1915(e)(2)(B)(ii) for this additional, independent reason.

---

[2] Although this Court ordinarily should grant a *pro se* plaintiff leave to amend before dismissing a complaint, the Court need not do so when the amendment would be futile. *See Silberman v. Miami Dade Trans.*, 927 F.3d 1123, 1132–33 (11th Cir. 2019) (stating that a *pro se* plaintiff must be given one opportunity to amend before the court dismisses the action *with prejudice* but is not required to do when amendment would be futile).  Here, the complaint does not indicate a basis to conclude that proper venue lies in this district, nor does it contain a sufficient basis for the Court to exercise personal jurisdiction over the Defendants. *See Hartman*, 2026 WL 1182132, at *2 n.3 (making the same observation about Hartman's identical complaint filed in the Middle District of Georgia).  Because it appears that Hartman would not be able to state a plausible claim even if permitted to amend his complaint, the Court finds that amendment would be futile and thus declines to allow Hartman to amend. *See id.* (declining to *sua sponte* grant Hartman leave to amend).  This conclusion is bolstered by the fact that the Court will dismiss the complaint *without* prejudice.

[3] In another case, a United States Magistrate Judge of this Court recently detailed similar examples of *pro se* filings of duplicative, bare-bones complaints in multiple federal district courts nationwide. (Doc. 10 in *Ventura v. Vella-Marone et al.*, 2:26-cv-345-ECM-JTA (M.D. Ala. June 23, 2026)).

3

This Court also has "both the inherent power and the constitutional obligation to protect [its] jurisdiction from conduct which impairs [its] ability to carry out Article III functions." *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986) (en banc) (per curiam). Complaints such as Hartman's containing no supporting facts and no apparent basis for proper venue in this district or the exercise of personal jurisdiction over the Defendants, and which are duplicative of other lawsuits filed in other federal courts, threaten to consume judicial time and resources unnecessarily at the expense of other litigants. This Court "has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Id.* at 1074. Concomitant with this responsibility, this Court has the authority—and broad discretion—to fashion appropriate remedies aimed at curbing abuse of the judicial process. *See id.* at 1074–75; *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387 (11th Cir. 1993) (per curiam). For this additional reason, the Court finds that dismissal of this action without prejudice is appropriate. Further, Hartman is CAUTIONED that, if he or anyone acting in concert with him files a duplicative or facially frivolous complaint in the future, the Court may take additional steps to curtail his abusive litigation conduct, including but not limited to summarily dismissing the pleading and the action without prior notice or imposing a pre-filing screening requirement. *See Martin-Trigona*, 986 F.2d at 1385–88 (upholding a filing injunction against the plaintiff and anyone acting in concert with him based on the plaintiff's vexatious litigation conduct which abused the legal system).

Accordingly, upon review of the complaint pursuant to 28 U.S.C. § 1915, and pursuant to the Court's inherent authority to manage its docket and to "protect [its]

jurisdiction from conduct which impairs [its] ability to carry out Article III functions," *Procup*, 792 F.2d at 1073, it is

ORDERED as follows:

1. Hartman's motion to proceed IFP (doc. 2) is GRANTED;

2. Hartman's complaint (doc. 1) is DISMISSED without prejudice;

3. All pending motions are DENIED as moot, and all pending deadlines are TERMINATED;

4. As a consequence of Hartman's vexatious filing of duplicative actions and pleadings which fail to state a claim upon which relief can be granted, if Hartman or anyone acting in concert with him files a duplicative or facially frivolous complaint in the future, the Court may summarily dismiss the pleading and the action without prior notice.

A separate Final Judgment will be entered.

The Clerk of the Court is DIRECTED to send a copy of this Order to the United States District Judges and United States Magistrate Judges of this Court.

DONE this 9th day of July 2026.

 /s/ Emily C. Marks
EMILY C. MARKS
UNITED STATES DISTRICT JUDGE